UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brian Adams,

    Petitioner,

v.                                                       Case No. 1:09cv264

Warden, Lebanon Correctional Institution,     Judge Michael R. Barrett

    Respondent.

## ORDER

Petitioner Brian Adams filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 13, 2009. Mr. Adams seeks relief from the sentence that Ohio imposed following his conviction on two counts of aggravated murder. (Doc. 1, 1.) He was sentenced to two consecutive life terms without the possibility of parole. (Doc. 10, 2.) Respondent filed a return of writ (Doc. 10) and a supplemental return of writ (Doc. 12).

This matter is before the Court on the Report and Recommendation filed by Magistrate Judge Merz on June 2, 2010. (Doc. 15.) Magistrate Judge Merz recommends that Mr. Adams' petition for writ of habeas corpus be denied with prejudice and that he be denied a certificate of appealability and leave to appeal *in forma pauperis*. Mr. Adams filed timely objections on June 21, 2010. (Doc. 16.)

    I.     Procedural Background

The underlying procedural background is sufficiently set forth in the Report and Recommendation. However, the Court will repeat the relevant facts applicable to this Order. On October 31, 2007, in the Clermont County Court of Common Pleas, Mr.

Adams was indicted and entered a guilty plea to reduced charges on two counts of aggravated murder as defined in Ohio Rev. Code § 2903.01.  Mr. Adams was sentenced to two consecutive life terms without the possibility of parole.  Mr. Adams filed a motion for leave to file delayed appeal and requested counsel.  The Ohio Court of Appeals, Twelfth Appellate District, denied the motion and request.  Mr. Adams then appealed to the Ohio Supreme Court, claiming the issue raised a substantial constitutional question and was of great interest to the general public.  The Ohio Supreme Court declined jurisdiction to hear the case.  Mr. Adams filed a writ of habeas corpus on April 13, 2009, with the grounds for relief being that (1) the Ohio Court of Appeals for the Twelfth District denied Mr. Adams his due process and equal protection rights by denying him counsel on direct appeal; (2) the Twelfth District denied Mr. Adams due process by denying his motion to file delayed appeal; and (3) he was denied his Sixth Amendment rights to effective assistance of counsel at trial.  (Doc. 1, 5–8.)

      II.      Legal Standard

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1)(B).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object."

*Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Mr. Adams raises four arguments in his Objection. The first focuses on document disclosure. Mr. Adams argues that the Magistrate Judge based his report and recommendation on documents that inaccurately recite the events surrounding the charges and conviction. Mr. Adams states that he did not have access to these documents because he was not part of the Electronic Filing process and because Respondent failed to serve him with the documents. (Doc. 16, 2.) The documents, however, are transcripts and entries from the state court proceedings, and respondent is not required to serve a copy of these documents under 28 U.S.C. § 2249. As Mr. Adams' Motion for Leave to Proceed *in forma pauperis* was denied (Doc. 3), the clerk of court was not required to furnish Mr. Adams with copies of these documents or parts of the record on file. 28 U.S.C. § 2250.[1] This argument is therefore without merit.

Mr. Adams next argues that he was entitled to counsel for purposes of his appeal. (Doc. 16, 3.) As recognized by the Magistrate Judge in the Report and Recommendation, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Here, Mr. Adams did not have an appeal of right. He maintains that the court did not notify him of such a

---

[1] 28 U.S.C. § 2250 states:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

3

right to appeal.  However, Mr. Adams' appellate rights were laid out on the guilty plea form he signed.  (Doc. 10-2, 3) ("I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence.")  The court also informed Mr. Adams of his appellate rights during his sentencing.  (Doc. 10-2, 9) ("Defendant has been given notice under R.C. 2929.19(B)(3) and of appellate rights under R.C. 2953.08.")  Mr. Adams recognized his failure to perfect his appeal of right by signing and filing his Motion for Leave to File Delayed Appeal.  (Doc. 10-2, 10.)  Furthermore, Mr. Adams specifically asked the Ohio Court of Appeals for the Twelfth Appellate District, "to grant *leave to appeal.*"  (*Id.*) (emphasis added).  Mr. Adams was therefore not entitled to appointed counsel.

Mr. Adams further argues that his notice of appeal was delayed because he was not appointed counsel and that the denial of his delayed appeal violates federal law. (Doc. 16, 3–4.)  There is no record of request for counsel until the filing of the delayed appeal.  Mr. Adams did not state in his affidavit for the motion for leave to file a delayed appeal that he originally asked his appointed trial counsel to file an appeal, as he now asserts.  He further asserts that it was not his responsibility to file his own appeal.  The petition for writ of habeas corpus, however, shows that Mr. Adams elected to proceed pro se at the sentencing stage of the judgment.  (Doc. 1, 12.)  It is contradictory for Mr. Adams to now say that his appointed counsel failed to file a timely appeal and that his only choice was to file an appeal pro se.  Mr. Adams also continues to assert that denial of the delayed appeal is unconstitutional and violates federal law, but he fails to cite any law on point.  He also attributes this argument back to his denial of counsel.  This objection therefore has no merit.

Last, Mr. Adams argues that the Magistrate Judge is mistaken on the facts regarding appointment of his trial counsel, Ms. Cathy Adams.  (Doc. 16, 7–8.)  Mr. Adams maintains that his trial counsel did not get involved in the case until the morning of his plea and that she was therefore unable to investigate the facts of the indictment.  Mr. Adams also argues that his trial counsel was ineffective because she did not "preserv[e] her clients [sic] appellate rights."  (Doc. 16, 9.)  Mr. Adams ignores the fact that he was originally indicted on October 17, 2007, for trafficking cocaine.  At that time, two weeks prior to the subsequent indictment, his trial counsel's office became involved in the case, and she indicated that she was communicating extensively with the prosecutor's office.  These facts, along with those provided by the Magistrate Judge, demonstrate that counsel was effective and Mr. Adams' claim lacks merit.

III.     Conclusion

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, this Court finds the Magistrate Judge's Report and Recommendation to be correct.  Accordingly, it is **ORDERED** that the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED** and Petitioner Brian Adams' petition for habeas corpus is **DENIED** with **PREJUDICE**.  A certificate of appealability should not issue with respect to Petitioner's claims for relief under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000).  With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENIES** Petitioner leave to appeal *in forma pauperis* upon

a showing of financial necessity.  See Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

    **IT IS SO ORDERED.**

                                     *s/Michael R. Barrett*
                                     UNITED STATES DISTRICT JUDGE