# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN ADAMS,
:
    Petitioner,                               Case No. 1:09-cv-264

:                 District Judge Michael R. Barrett
   -vs-                                        Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,
:
    Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

In this habeas corpus case, Petitioner Brian Adams seeks relief from a judgment in the Clermont County Common Pleas Court imposing two consecutive life sentences without possibility of parole upon Mr. Adams' plea of guilty and conviction on two counts of aggravated murder. The Court rendered judgment in the case dismissing the Petition with prejudice and denying a certificate of appealability on November 29, 2010 (Doc. Nos. 17, 18). Petitioner now moves for relief from judgment under Fed. R. Civ. P. 60(b) (Doc. No. 22).

Judgment was entered less than one year before Petitioner deposited his Motion in the prison mail on November 23, 2011, so the Motion is timely. See Fed. R. Civ. P. 60(c). Because Petitioner argues this Court entered judgment in error and he is not trying to raise a new claim for habeas corpus relief, this Court's consideration of his Motion is not barred by the successive petition doctrine. *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Petitioner argues the dismissal of his habeas petition works "a substantial fundamental miscarriage of justice" (Motion, Doc. No. 22, PageID 269) for a number of reasons, each of which is considered below.

## Ineffective Assistance of Trial Counsel

Petitioner claims he suffered ineffective assistance of trial counsel because his attorney advised him to plead to two aggravated murder charges the day she was appointed. This claim was considered in detail in the Report and Recommendations, including recitation of the facts that Ms. Adams had been engaged in active and successful negotiations with the prosecutor before the Indictment was handed down (Doc. No. 15, PageID 234-235).

Petitioner now says this cannot have been the case because any involvement of Ms. Adams before appointment would have been improper under ABA Guidelines, unethical, and improper and implies unethical and unconstitutional control over the grand jury proceedings by defense counsel and the prosecutor (Motion, Doc. No. 22, PageID 269-270).

All the arguments Petitioner is now making were completely available to him before judgment was entered in this case and are really just restatements of the arguments he made then. A motion for relief from judgment is not an appropriate means to reargue the merits of a claim which have already been decided by a court. On that basis, Petitioner's claim of ineffective assistance of trial counsel should be rejected.

### Alleged Irregularity in the Denial of a Certificate of Appealability

Petitioner next alleges he has been denied due process by the way this Court has dealt with his request for a certificate of appealability (Motion, Doc. No. 22, PageID 273). Mr. Adams claims that after he got the Court's Judgment (which was sent to him by the Clerk by certified mail), he "had the same inmate law clerk to file a notice of appeal" which he alleges he signed and placed in the prison mail system. *Id.* No Notice of Appeal has ever been received by this Court. Then on January 4, 2011, through a different inmate law clerk, Petitioner filed a Motion for Certificate of Appealability (Doc. No. 20) which was denied by the undersigned as moot because denial had been recommended in the Report and Recommendations and expressly adopted by Judge Barrett (Notation Order, January 5, 2011).

Petitioner says this notation order is unfair because the Court had denied a certificate of appealability without ever having been asked for one. However, the Court is required to decide the certificate of appealability question in its decision on the merits of the case. Rule 11 of the Rules Governing § 2254 Cases, adopted by the Supreme Court, expressly commands district courts to decide that question when they enter a decision adverse to the applicant.

Petitioner claims he has written letters to the Clerk asking the status of his appeal and says he has attached copies. Nothing is attached to his Motion and no documents have been filed by Petitioner with the Clerk since January 4, 2011.

**Conclusion**

Petitioner's Motion for Relief from Judgment is without merit and should be denied.

December 7, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).